UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NUMBER: 06-CV-01520

LANCE PAYNE; and

SHERRI PAYNE,

Plaintiffs,

vs.

POLARIS INDUSTRIES, INC. d/b/a POLARIS SALES, INC.

Defendant.

## STIPULATION FOR PROTECTIVE ORDER
## AND PROTECTIVE ORDER

Polaris Industries Inc. ("Polaris") may produce in this action certain documents and materials regarding design (drawings and specifications), testing, and other memoranda or documents discussing design, testing and/or marketing strategies, that Polaris contends are, in whole or in part, confidential, competitively sensitive, trade secret, and proprietary to Polaris. With regard to these documents, materials and information produced by Polaris, the parties hereby request that a Protective Order be entered to govern the confidential material as follows:

1      Any documents, materials, or information pertaining to design (drawings and specifications), testing and/or other memoranda or documents discussing design, testing and/or marketing strategies, produced or disclosed in this action by Polaris and designated by Polaris as being confidential (including any copies, recordings, discs,

prints, negatives, summaries, or the contents or substance thereof) shall not be shown or otherwise divulged, and the fact of the existence thereof shall not be disclosed, to any entity or person except the employees, experts and consultants specifically employed and retained by the parties to this lawsuit for use only in connection with this action.

2.    All documents or other materials pertaining to design (drawings and specifications), testing and/or other memoranda or documents discussing design, testing and/or marketing strategies, that Polaris believes need the protection of this Protective Order will be marked "Protected by Court Order" prior to the time the documents or other materials are produced or disclosed

3.    Any employees, experts, and consultants of the plaintiffs in this action to which such documents, materials, and information are intended to be disclosed, shall be first presented with a copy of this Protective Order and after reading same, shall sign the form of "Acknowledgment of Protective Order," attached hereto as Exhibit A.  Said employees, experts, and consultants shall use said information only for purposes of this litigation and shall not give, show, or otherwise divulge any of the documents, materials, or information produced by Polaris, which are designated confidential, or the content, substance or fact of the existence thereof, to any other entity or person.

4    To the extent plaintiffs disagree with the designation given by Polaris to any documents or other materials, plaintiffs agree to apprise counsel for Polaris of the reasons for disagreement and the uses plaintiffs wish to make of the documents which would be prohibited by the terms of this Protective Order.  If the parties are unable to

reach an accommodation, the issue will be raised with the Court and Polaris will have the burden of establishing that the documents or other materials in question are deserving of the protection of this Protective Order under then existing common law precepts concerning trade secret/commercial confidentiality.  Plaintiffs agree to allow adequate time to raise the issue with the Court before making use of any document or other material that violates this Protective Order.

    5.    All transcripts, depositions, exhibits, or other pleadings or filings in this action that contain or otherwise set forth documents, information, or other materials, or the contents thereof, which have been previously designated by Polaris as confidential, shall likewise be subject to the terms of this Protective Order.  Any such transcripts, depositions, exhibits, pleadings, or other such documents or materials containing such confidential information, which are filed with this Court, shall be filed in sealed envelopes or other sealed containers that shall bear the caption of this action, an indication of the nature of the contents of such sealed envelope or container, the words **"CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER,"** and a statement substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by agreement of all parties or express order of the Court.

    6.    Upon conclusion of this action, by settlement or otherwise, counsel for plaintiffs shall return to counsel for Polaris all documents or other materials produced by Polaris that were marked "Protected by Court Order," including the return of any and all copies, recordings, prints, discs, negatives, or summaries thereof (including but not

limited to any such materials in the possession of any employees, experts, or consultants), except those comprising any trial or appellate court record. At the same time, counsel for plaintiff shall provide to counsel for Polaris an affidavit stating that they, their employees, and their consultants have in good faith sought to comply with the provisions of this Protective Order and identifying each expert to whom they have given, shown, or otherwise divulged any documents or materials designated as confidential. Each such expert also shall return all documents or other materials designated "Protected by Court Order," including all copies, prints, and negatives or summaries of such documents in their possession, and shall provide an affidavit stating that they received a copy of this Protective Order and that they in good faith have sought to comply with its provisions. Any confidential documents and materials that comprise any portion of the trial or appellate record, shall remain confidential and shall continue to be sealed in accordance with the terms of Paragraph 5 of the Protective Order

DATED:  November 16, 2006               WILLIAM MUHR, ATTORNEY &
                                        COUNSELORS AT LAW, LLP


                                        By:___/s/ Carol J. Zeisler_____
                                             William Muhr, Esq.
                                             Carol J. Zeisler, Esq.
                                             7035 Campus Drive
                                             Colorado Springs, Colorado  80920
                                             Attorneys for Plaintiffs

DATED:  December 18, 2006                 BOWMAN AND BROOKE LLP


                                          By:____/s/ Lori A. Zirkle_____
                                             Lori A. Zirkle  (# 025387)
                                             Suite 1600, Phoenix Plaza
                                             2901 North Central Avenue
                                             Phoenix, Arizona 85012
                                             Attorneys for Defendant
                                             Polaris Industries Inc.

Pursuant to the foregoing stipulation of the parties, and good cause appearing, IT

IS SO ORDERED as stated above.


DATED: December ___, 2006
                                          _____
                                          Magistrate Craig B. Shaffer

DATED at Denver, Colorado, this 4th day of January, 2007.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge